UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GABRIEL CLARK-AIGNER,            :
    Petitioner            :    No. 3:14-cv-2012
                                 :
  v.                             :    (Judge Nealon)
                                 :
WARDEN EBBERT,                   :
    Respondent            :

**MEMORANDUM**

Gabriel Clark-Aigner, an inmate previously confined in the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1, petition). Petitioner challenges his plea and sentence imposed by the United States District Court for the District of Alaska for two counts of brandishing and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (c)(1)(C). (Id.). Despite a guilty plea, Petitioner claims

---

[1] Subsequent to the filing of his petition, Petitioner was transferred from from USP-Lewisburg, and is currently housed in the Federal Transfer Center, Oklahoma City, Oklahoma. (See Doc. 7). Habeas petitions challenge present confinement. See 28 U.S.C. § 2241(d). However, "the immediate custodian rule does not apply when a prisoner is transferred out of a judicial district after he has filed a petition for writ of habeas corpus with the district court." Guan-Hua Qiang v. Dist. Dir. For Immigration Customs Enforcement, 2006 U.S. Dist. LEXIS 91957, *6-7 (M.D. Pa. 2006) (Kosik, J.) (citing Rumsfeld v. Padilla, 542 U.S. 426, 440 (2004)) (emphasis in original). "In such an instance, the district court in which the petition was filed retains jurisdiction over the case despite the fact that the prisoner, and his immediate custodian, lie in another federal district." Id.

he is actually innocent because his actions did not violate section 924(c)(1). (Id.). Moreover, he asserts that section 924(c)(1) does not authorize multiple convictions for the use of a single firearm during the commission of two predicate offenses, and he received ineffective assistance of counsel. (Id.).

On October 27, 2014, in accordance with this Court's October 20, 2014, 30 Day Administrative Order, Petitioner filed a motion to proceed in forma pauperis. (Doc. 4). On December 18, 2014, Petitioner filed a motion to appoint counsel. (Doc. 6). For the reasons set forth below, Petitioner's motion to proceed in forma pauperis will be granted for the sole purpose of filing the petition, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction, and Petitioner's motion for appointment of counsel will be denied.

**Background**

On August 7, 2002, Petitioner entered a plea of guilty and was sentenced in the United States District Court for the District of Alaska for two counts of interference with commerce by robbery, and two counts of brandishing and carrying a firearm during a crime of violence. See United States v. Clark-Aigner, 3:02 cr 7 (D. Ak. filed January 16, 2002); (Doc. 245, 246). Petitioner did not file a direct appeal regarding his plea or sentence. (Id. at Doc. 511 at p. 10). Because Petitioner did not file a direct appeal, his conviction became final on August 17,

2002, ten days after the date of the judgment of conviction. See former FED. R. APP. P. 4(b) (ten (10) days to appeal in a criminal case).

On June 13, 2005, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 with the United States District Court for the District of Alaska. United States v. Clark-Aigner, 3:02 cr 7 (D. Ak. filed January 16, 2002); (Doc. 337). On October 3, 2006, Petitioner's motion was dismissed as procedurally barred. (Id. at Docs. 379, 381).

On May 20, 2014, Petitioner filed a second section 2255 motion in the United States District Court for the District of Alaska. (Id. at Doc. 511). There, Petitioner argued that he should be granted relief because: (1) he did not "use or carry a firearm" "in furtherance" of his crime, as required by the post-1998 version of 18 U.S.C. § 924(c); (2) section 924(c)(1) does not authorize multiple convictions for a defendant who committed two predicate offenses with a single use of a single firearm in violation of due process; and (3) he received ineffective assistance from counsel. (Id. at pp. 4-11).

On July 7, 2014, Petitioner's second section 2255 motion was denied. (Id. at Docs. 514, 515). Specifically, the court held that the statute of limitations had expired, and the miscarriage of justice exception to time limitations did not apply. (Id. at Doc. 514 at pp. 2-7).

Petitioner then filed an application to file a second or successive section 2255 motion with the Ninth Circuit Court of Appeals.  See United States v. Clark-Aigner, 14-72224 (9th Cir. 2014).  On October 1, 2014, that application was denied because Petitioner failed to make a prima facie showing under section 2255(h).  Id.  In particular, the court found that he did not make a prima facie showing of (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offence; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  (Id.).

On October 17, 2014, Petitioner filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1, petition).  For relief, Petitioner requests that this Court to "transfer this case to a more convenient forum pursuant to 28 U.S.C. § 1404(A) and 28 U.S.C. [§] 2241(d)," and to "vacate, and grant relief by whatever means[] it deems necessary."  (Id. at p. 9, Ex. 1 at p. 5).  He argues the requested relief should be granted for the following reasons: (1) he is actually innocent because his actions did not violate 18 U.S.C. § 924(c)(1) since he did not "use or carry a firearm in furtherance" of his crime; (2) section 924(c)(1) does not authorize multiple convictions for the use of a single firearm during the

commission of two predicate offenses; and (3) ineffective assistance of counsel because he was "misinformed about the elements of a 924(c)(1) offense in light of the interpretation of 924(c)" that "his conduct did not violate the statute." (Id. at pp. 3, 5-8). Further, Petitioner points to Dean v. United States, 556 U.S. 568 (2009), and Bailey v. United States, 576 U.S. 137 (1995), as the main support for his assertion that he is "actually innocent because his conduct didn't violate" section 924(c)(1), specifically that he did not "use or carry a firearm, 'in furtherance' of his crime." (Doc. 1 at p. 8).

**Discussion**

    Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158–59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ...

5

the necessary facts can be determined from the petition itself ...." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement is a section 2255 motion." In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Such a challenge must be filed in the district court where the defendant was convicted and sentenced. 28 U.S.C. § 2255(a). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). As stated above, Petitioner is challenging his plea and sentence. (Doc. 1). As a result, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See 28 U.S.C. § 2255(a).

A section 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to a petitioner held in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). However, if the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention," a petitioner can seek relief under 28 U.S.C. § 2241. See 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir.

2000).  To proceed under section 2241, the claimed inadequacy or ineffectiveness of section 2255 must be a "limitation of scope or procedure...prevent[ing] a Section 2255 proceeding from affording...a full hearing and adjudication of [a] wrongful detention claim."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative."  Cradle, 290 F.3d at 538; see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective.").  The petitioner bears the burden of proving that section 2255 would be inadequate or an ineffective remedy.  Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle, 290 F.3d at 539.

     Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255.  Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001) (Vanaskie, J.).  This exception to section 2255 is "extremely narrow and applies in only rare circumstances."  Fabian v. Warden Lewisburg USP, 2015 U.S.

7

App. LEXIS 92, *4 (3d Cir. Jan. 6, 2015) (per curiam); see Queen v. Minor, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (held issues that "had been, or could have been decided" were properly dismissed by district court pursuant to 28 U.S.C. § 2244(a)). If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, Petitioner challenges his plea and sentence on several grounds. Specifically, he argues that: (1) he is actually innocent because he did not "'use or carry a firearm in furtherance' of his crime" in violation of 18 U.S.C. § 924(c)(1); (2) section 924(c)(1) does not authorize multiple convictions for the use of a single firearm; and (3) ineffective assistance of counsel because he was "misinformed about the elements of a 924(c)(1) offense in light of the interpretation of 924(c)" that "his conduct did not violate the statute". (Doc. 1 at pp. 3, 5-8).

Petitioner has not demonstrated that a section 2255 motion provides inadequate or ineffective means to raise his claims. As noted above, he presents the same claims in the instant petition that he previously presented in his section 2255 motion before the United States District Court for the District of Alaska, which was denied because the statute of limitations expired and the miscarriage of

justice exception to time limitations did not apply. See <u>United States v. Clark-Aigner</u>, 3:02 cr 7 (D. Ak. filed January 16, 2002); (Docs. 511, 514, 515). Although his section 2255 motion was unsuccessful, this fact does not open the door for a section 2241 petition. <u>Cradle</u>, 290 F.3d at 539. Further, Petitioner "may not use a section 2241 petition to relitigate claims that were rejected in section 2255 proceedings." <u>Fabian</u>, 2015 U.S. App. LEXIS 92, *4.

To the extent that Petitioner attempts to raise a <u>Bailey</u> challenge to his plea and sentence, this Court is without jurisdiction to entertain such a claim. In <u>Bailey v. United States</u>, 516 U.S. 137 (1995), the United States Supreme Court held that, in order for a defendant to be convicted for using a firearm in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1), the government must prove that the defendant "actively employed the firearm during and in relation to the predicate crime." <u>Bailey</u>, 516 U.S. at 150.

In <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997), the petitioner argued that his conduct was made non-criminal in light of <u>Bailey</u>. There, the petitioner had been convicted and sentenced for violating 18 U.S.C. § 924(c)(1), and sought to have his conviction vacated. The Third Circuit Court of Appeals held that, given the petitioner's inability to proceed under section 2255, he could use section 2241 to challenge his conviction for a crime that <u>Bailey</u> may have negated. <u>Dorsainvil</u>,

119 F.3d at 251.

The instant case does not fall within the Third Circuit's holding in Dorsainvil. Unlike Dorsainvil, the Petitioner here plead guilty and was sentenced years after Bailey was decided. "While [the Third Circuit has] recognized that section 2241 may be available to present claims where the conduct is no longer deemed criminal, the exception is narrow, limited to a defendant 'who had <u>no earlier opportunity</u> to challenge his conviction for a crime.'" Qusai Mahasin v. Bledsoe, 505 F. App'x 85, *4 (3d Cir. 2012) (emphasis in original). Consequently, since Petitioner has had an opportunity to present his claims to the United States District Court for the District of Alaska, Petitioner cannot benefit from the ruling in Dorsainvil, as he has not claimed that he was convicted of conduct that is now recognized as not being criminal. While "habeas jurisprudence allows the courts to hear a successive petition to avoid a miscarriage of justice if the petitioner makes a 'strong showing of actual innocence,' .... [i]nnocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective." Brown v. Bledsoe, 2012 U.S. Dist. LEXIS 3229, *21-22 (M.D. Pa. 2012) (Nealon, J.). As such, Petitioner has not proven that section 2255 is inadequate or ineffective. Thus, he fails to meet the limited

exception recognized in Dorsainvil.

Petitioner also points to Dean v. United States, 556 U.S. 568 (2009), in support of his challenge to his plea and sentence. (Doc. 1, Ex. at pp. 4-5). Dean addressed whether the mandatory minimum sentence imposed under section 924(c)(1)(A)(iii) required separate proof of intent. Dean, 556 U.S. at 577. Here, Petitioner plead guilty to two counts of brandishing and carrying a firearm during a crime of violence pursuant to section 924(c)(1)(A)(i), (ii), (c)(1)(C). Petitioner does not allege that he was convicted or sentenced pursuant to section 924(c)(1)(A)(iii). Moreover, as the United States Court of Appeals for the Third Circuit stated in Cabrera v. Scism, 423 F. App'x 121 (3d Cir. 2011), Dean does not reflect an intervening change in law. Cabrera, 423 F. App'x at 122-23. Consequently, Dean does not allow Petitioner to fall under the safety valve exception established in Dorsainvil.

**Conclusion**

Petitioner has not established that the remedy under section 2255 is inadequate or ineffective to test the legality of his detention so as to allow him to seek relief pursuant to 28 U.S.C. § 2241. Petitioner has not alleged that he was convicted of conduct that is now non-criminal; therefore, the safety valve exception created in Dorsainvil does not apply to his claim. Accordingly, the

petition will be dismissed for lack of jurisdiction.

A separate Order will be issued.


|  |  |
|---|---|
| **Date:** February 13, 2015 | /s/ William J. Nealon<br>**United States District Judge** |